O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SYLVIA M. ESTRADA,

Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

Case No. EDCV 12-0562 RNB

ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//

//

//

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1. The Administrative Law Judge ("ALJ") erred in finding that plaintiff did not suffer from a severe mental impairment.

Disputed Issue No. 1 pertains to the ALJ's finding that plaintiff did not suffer from a severe mental impairment. Specifically, the ALJ found that (1) there was no evidence to support plaintiff's assertion that she had panic attacks "all the time," and in fact, she admitted that she saw a mental health professional "off and on"; (2) there was no evidence of any psychiatric hospitalization; and (3) with respect to the Psychiatric Review Technique Form ("PRTF"), plaintiff had a mild limitation in social functioning but no other limitations. (See AR 12.)

A psychiatric impairment may be found "not severe" at step two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's mental ability to perform basic work activities. If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. See Social Security Ruling[2] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986).

Here, the medical evidence did not "clearly establish" a finding of non-severity. Specifically, plaintiff's treating physicians, including Dr. Cudal, repeatedly diagnosed her with an anxiety disorder and/or prescribed Clonazepam and Trazodone for the disorder. (See AR 307, 308, 328, 334, 338, 345, 357, 359, 386, 390, 398, 402, 428, 436, 502, 504, 526, 589, 591.) Moreover, an examining psychiatrist, Dr. Arora, diagnosed plaintiff with a mood disorder and concluded that plaintiff had "severe psychological limitations that would significantly interfere with the [her] ability to

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

complete a normal day and the quality or quantity of work." (See AR 457, 458.) Finally, a state agency physician, Dr. Brooks, completed (1) a PRTF indicating that plaintiff was "moderately" limited in maintaining concentration, persistence, or pace (see AR 473); and (2) a Mental Residual Functional Capacity ("MRFC") form indicating that plaintiff was "moderately" limited in five areas of mental functioning, including the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (see AR 476-77). Another state agency physician, Dr. Johnson, affirmed all of Dr. Brooks's findings. (See AR 481-82.)

The Court is unable to reconcile the ALJ's non-severity finding with the foregoing evidence, and Court finds that the three reasons provided by the ALJ for his non-severity finding did not support the finding. First, the ALJ's determination that there was no evidence that plaintiff had panic attacks "all the time" and that plaintiff admitted that she saw a mental health professional "off and on" did not defeat her claim in light of the opinions of the treating, examining, and state agency physicians, as well as her continuous prescribed treatment for the disorder. See Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005) (ALJ's determination that claimant exaggerated severity of his symptoms did not "doom" the claim at step two where treating doctors did not dismiss claimant's complaints as altogether unfounded and where there was objective medical evidence of severe impairment); Edlund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001) (ALJ's non-severity finding was not supported by substantial evidence where examining psychologist rendered uncontroverted opinion that claimant had severe depression); Holzberg v. Astrue, 679 F. Supp. 2d 1249, 1261 (W.D. Wash. 2010) (ALJ erred in finding depression not severe where evidence indicated moderate limitations in several mental functional areas).

//

Second, the lack of evidence of psychiatric hospitalization or comparably serious treatment is not dispositive because step two is only "a de minimis screening device to dispose of groundless claims." See French v. Astrue, 2010 WL 2803965, at *6 (C.D. Cal. July 15, 2010) ("A claimant may suffer from a mental impairment without having been hospitalized for that limitation. Thus, it appears that the ALJ applied more than a de minimis test and his conclusion at step two that Plaintiff does not suffer from a severe mental impairment was error."); Alsyouf v. Astrue, 2010 WL 5624668, at *3 (C.D. Cal. Jan. 21, 2010) (same).

Third, the citation to a PRTF indicating that plaintiff had only a mild limitation in social functioning was not supported by any evidence in the record, much less substantial evidence. In fact, the PRTF cited by the ALJ conflicted with the PRTF completed by Dr. Brooks and affirmed by Dr. Johnson. (See AR 473, 481-82.)

The Court is mindful of Ninth Circuit authority holding that an ALJ's failure to list an impairment at step two is harmless where the ALJ considers any limitations imposed by the impairment in his determination of the claimant's residual functional capacity ("RFC") at step four of the Commissioner's sequential evaluation process. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (concluding that any failure to list bursitis as severe at step two was harmless error where ALJ considered any functional limitations imposed by the bursitis at step four). Here, the error was not harmless because the ALJ considered none of the limitations imposed by plaintiff's mental impairment in his RFC determination (see AR 12). See also Vasquez v. Astrue, 572 F.3d 586, 596 (9th Cir. 2009) (remanding for further proceedings where evidence suggested that plaintiff had severe mental impairment and where impairment was not accounted for in ALJ's RFC determination at step four).

2. Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination.

For the reasons stated by the Commissioner (see Jt Stip at 13-16), the Court

finds with respect to Disputed Issue No. 2 that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination. The Court also notes that plaintiff's contention that "it appears as though [the ALJ's] sole reason for rejecting Plaintiff's subjective statements . . . is his perception that the objective medical evidence of record is not supportive" (see Jt Stip at 11-12) completely overlooks the multiple reasons cited by the ALJ in support of his adverse credibility determination (see AR 17-18). However, the Court's finding is limited to the ALJ's rejection of plaintiff's subjective complaints regarding her physical limitations. It does not extend to any explicit or implicit credibility determination by the ALJ bearing on the severity of plaintiff's mental impairment or bearing on any functional limitations attributable to plaintiff's mental impairment because, as discussed above, the Court has found that the ALJ erred in finding that plaintiff did not suffer from a severe mental impairment.

**Order**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.

This is not an instance where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. The Court has found that, with respect to plaintiff's mental impairment, the ALJ erred at step two of the Commissioner's sequential evaluation process. Remand therefore is appropriate to allow the Commissioner to continue the sequential evaluation process

starting at step three.[3]

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: December 14, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] There is no reason for the Court to direct the manner in which the Commissioner performs steps three, four and five (if reached), and the Court declines to do so.

[4] It is not the Court's intent to limit the scope of the further proceedings on remand.